# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN REYES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-0881 |
| | § | |
| NATIONWIDE PROPERTY &, | § | |
| CASUALTY INSURANCE CO., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Hurricane Ike insurance dispute is before the Court on Defendant's Motion for Partial Dismissal [Doc. # 3], to which Plaintiff filed a Response [Doc. # 4]. Defendant neither filed a reply nor requested additional time to do so. Having considered the full record and the applicable legal authorities, the Court **grants** the Motion for Partial Dismissal to the extent that Plaintiff is required to file an Amended Complaint that satisfies the federal pleading requirements.

This insurance dispute arises from the alleged nonpayment of benefits after a claim for hurricane damage. Plaintiff sued his insurer, Nationwide Property & Casualty Insurance Company ("Nationwide"), asserting claims for breach of contract, non-compliance with the unfair settlement practices and prompt payment provisions of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. Nationwide removed

this action to this Court based on diversity jurisdiction.

Nationwide filed the pending motion under Rules 8 and 9 of the Federal Rules of Civil Procedure, seeking to dismiss only Plaintiff's extracontractual claims. Plaintiff filed a Response in opposition and requests leave to amend the complaint should this Court determine that the extracontractual claims have not been pleaded in accordance with applicable rules. This motion is now ripe for decision.

The sufficiency of a plaintiff's pleading under Rule 8 may be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g., Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1927, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The extracontractual causes of action are sparsely pleaded and contain no factual allegations specific to this case. In the "Facts" section of the Petition, Plaintiff merely alleges that (1) he owned property insured by Nationwide that was damaged by Hurricane Ike; (2) he at some point made a claim for payment on Nationwide; (3) Nationwide failed to comply with Texas law in handling his claim, and (4) Nationwide refused to pay all amounts due under the policy for Plaintiff's claim. In alleging the extracontractual causes of action, Plaintiff essentially repeats the statutory language of sections 541 and 542 of the Texas Insurance Code and the DTPA, and alleges generally a breach of the duty of good faith and fair dealing. Again, Plaintiff alleges no facts specific to this case. Such conclusory allegations do no more than repeat the elements of the claim and are, therefore, insufficient under Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In their Response, Plaintiff

requests leave to amend the complaint should the Court determine that Defendant's Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an opportunity to amend the complaint by **May 23, 2011**. Plaintiff may not plead a claim for which he has no good faith factual basis. *See* FED. R. CIV. P. 11(b). Plaintiff will also be permitted to amend the complaint again, if needed, by a date to be set by the Court at the initial pretrial conference on July 25, 2011, which deadline will be after initial disclosures and some discovery. Accordingly, it is hereby

**ORDERED** that the Motion for Partial Dismissal [Doc. # 3] is **granted** to the extent that the extracontractual claims are dismissed, without prejudice and with leave to amend by **May 23, 2011**.

SIGNED at Houston, Texas, this **18th** day of **April, 2011**.

*/s/ Nancy F. Atlas*
Nancy F. Atlas
United States District Judge